**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| M.A.R.H., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:26-cv-346-CDL-ALS |
| *Warden* JASON STREEVAL, *et al.* | : | |
| Respondents. | : | |

**ORDER TO SHOW CAUSE**

Before this Court are Petitioner's Petition (ECF No. 1); his Motion to Enforce Order (ECF No. 5); his Motion for Ruling on Motion to Enforce Judgment (ECF No. 6), and Respondent's Response to the Motion to Enforce (ECF No. 8). For the reasons stated below, Petitioner is ordered to show cause why this matter should not be dismissed and his Motion to Enforce Order and Motion for Ruling on Motion to Enforce should not be denied as moot.

I. <u>RELEVANT FACTS</u>

On March 5, 2026, the Court ordered that Respondents provide Petitioner with a bond hearing within seven (7) days to determine if Petitioner could be released on bond or, in the alterative, to file a motion seeking relief from the order. ECF No. 3. At that time, the Court also ordered that once a bond hearing had been held, Petitioner was to file a notice of dismissal. *Id.* at 2.

On March 13, 2026, Petitioner filed a Motion to Enforce in which he ultimately argues that his bond hearing violated his right to due process because it was not presided over by an impartial adjudicator. ECF No. 5 at 5-11. On April 16, 2026, Petitioner filed a

Motion for Ruling on Motion to Enforce Writ of Habeas Corpus. ECF No. 6. The motion alleges that "the Bond [sic] hearing was not an individualized Bond [sic] hearing and resulted in an egregious violation of Petitioner's due process rights." *Id.* at 1.

On May 7, 2026, Respondent filed a Response to Petitioner's Motion to Enforce Judgment. ECF No. 8. It confirms that Petitioner was given a bond hearing as the Court ordered, and it contends that federal statutory law precludes the Court's review of an Immigration Judge's decision related to bond. *Id.* at 2-6.

II. DISCUSSION

It is undisputed that: (1) the relief the Petition asked for was for the Court to give Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) (ECF No. 1 at 14); (2) on March 5, 2026, the Court ordered that Petitioner be given a bond hearing (*see* ECF No. 3), and (3) on March 10, 2026, Petitioner was given a bond hearing. *See* ECF No. 5 at 4-5; ECF No. 8 at 1-2. Petitioner now contends that the bond hearing he received was deficient. ECF No. 5.

Courts are unable to set aside decisions made by the Attorney General regarding the denial of bond or parole. 8 U.S.C. 1226(e); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (reiterating Section 1226(e) precludes noncitizens from challenging discretionary judgment or decision of Attorney General regarding detention or release); *see generally Demore v. Kim*, 538 U.S. 510, 516 (2003). Instead, any concerns that Petitioner has which relate to whether his bond hearing before the immigration judge was deficient are ones that he may raise on appeal to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.19(f) (stating same).

In sum, because a bond hearing was held in compliance with the Court's Order, which is "the remedy that the Court is authorized to order" (ECF No. 3, at 2), Petitioner

has received the relief that he requested in his Petition. This Court is unable to review and then circumvent the immigration judge's decision to deny Petitioner bond. For these reasons, Petitioner is ordered within seven (7) days to either: (1) file a notice of voluntary dismissal, or (2) to show cause why this action, and the pending Motion to Enforce Order and his Motion for Ruling on Motion to Enforce, should not be dismissed as moot and judgment entered.

**SO ORDERED**, this 29th day of September, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE